UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDWARD DESHAWN SMITH, | ) |
| Petitioner, | ) |
| v. | ) No. 3:19-cv-00852 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Edward Deshawn Smith's fully briefed Amended Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255. (Doc. Nos. 4, 21, 22). For the following reasons, the motion will be denied.

Smith pled guilty to unlawful possession with intent to distribute and distribution of a quantity of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). (Case No. 3:12-cr-00186, Doc. No. 89). Pursuant to the plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed that Smith was a career offender subject to an enhanced sentence under U.S.S.G. § 4B1.1(b)(2) because he had previously been convicted of three prior felony drug convictions, including:

- **Possession with intent to distribute over .5 grams of cocaine**
  Offense Date: July 17, 2004/ Sentenced: September 10, 2004
  (Davidson County Criminal Court, Case No. 2004-I-895)

- **Possession of marijuana with intent to sell or deliver**
  Offense Date: May 26, 2005/ Sentenced: October 27, 2005
  (Davidson County Criminal Court, Case No. 2005-C-2087)

- **Sale of a counterfeit controlled substance**
  Offense Date: January 10, 2008/ Sentenced: September 5, 2008
  (Davidson County Criminal Court, Case No. 2008-I-1008)

(Case No. 3:12-cr-00186, Doc. No. 89 at 6). The Court, as recommended by the parties in the Plea Agreement, imposed a sentence of 151 months of imprisonment. (Id. at 7).

Section 2255 provides that a federal prisoner who claims that his sentence was imposed in violation of the Constitution, among other things, "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain relief, the petitioner must demonstrate constitutional error that had a "substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005) (quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)). Here, Smith argues ineffective assistance of counsel in violation of the Sixth Amendment to the Constitution. (Doc. No. 4 at 3).

As an initial matter, an evidentiary hearing is not necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." Martin v. United States, 889 F.3d 827, 832 (6th Cir. 2018) (quoting Campbell v. United States, 636 F.3d 353, 357 (6th Cir. 2012)); see also 28 U.S.C. § 2255(b). The Court concludes that the record here shows Smith is not entitled to relief.

Smith concedes his arguments seeking relief based upon an inaccurate guideline calculation and that his plea was unknowing and involuntary. (Doc. No. 22 at 2–3).

In his final argument relying upon United States v. Havis, 927 F.3d 382 (6th Cir. 2019), Smith contends that he was erroneously determined to be a career offender. In Havis, the petitioner's offense level was increased based upon a prior "Tennessee conviction for selling and/or delivering cocaine" in violation of Tenn. Code Ann. § 39-17-417(a)(2)–(3). Id. at 384. "Under Tennessee law, 'delivery' of drugs means "the actual, constructive, or attempted transfer

2

from one person to another of a controlled substance." Id. (quoting Tenn. Code Ann. § 39-17-402(6)). The Havis court concluded, applying the categorical approach, that "[t]he Guidelines' definition of 'controlled substance offense' does not include attempt crimes," (id. at 387), "because the least culpable conduct covered by § 39-17-417 is attempted delivery of a controlled substance." Id.; see also id. ("The Commission's use of commentary to add attempt crimes to the definition of 'controlled substance offense' deserves no deference. The text of § 4B1.2(b) controls, and it makes clear that attempt crimes do not qualify as controlled substance offenses."). Smith contends that, following Havis, his 2005 conviction for possession with intent to sell or deliver marijuana no longer qualifies as a predicate offense and that he therefore should not have been deemed a career offender eligible for an enhanced sentence. (Doc. No. 4 at 2–3). The Court disagrees.

First, Smith's argument is foreclosed by United States v. Garth, 965 F.3d 493 (6th Cir. 2020). There, the Sixth Circuit held that, notwithstanding Havis, a Tennessee conviction for possession of marijuana with intent to deliver under Tenn. Code Ann. § 39-17-417, the exact offense Smith contests, qualifies as "a controlled-substance offense" pursuant to U.S.S.G. § 4B1.2(b). Id. at 497, 499. In his reply brief, Smith acknowledges Garth but argues the case was "wrongly decided" because it contains an "excessive" requirement that a petitioner identify prior caselaw showing that Tennessee considers a possession-with-intent-to-deliver conviction to be an attempt crime that falls outside the Guidelines' reach. (Doc. No. 22 at 1). Even if true, after Garth, the Sixth Circuit has recognized that a petitioner must cite case law to demonstrate "a realistic probability" of conviction rather than a mere "theoretical possibility" that the conduct falls outside the generic definition of a crime. United States v. Miller, 34 F.4th 500, 505 (6th Cir. 2022); United States v. Jackson, 995 F.3d 476, 482 (6th Cir. 2021).

3

Second, Smith's claim is a non-constitutional claim of error that is typically "not cognizable on collateral review" under § 2255. United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000) (quoting Grant v. United States, 72 F.3d 503, 506 (6th Cir. 1996)). As the Government correctly points out, in Bullard v. United States, 937 F.3d 654 (6th Cir. 2019) (Doc. No. 21 at 9), the Sixth Circuit concluded that, although petitioner "would not be a career offender under the Guidelines" if he were to receive "his sentence today," his argument that "the district court misclassified him as a career offender" did not present "a cognizable claim on collateral review." Id. at 657 (citing United States v. Snider, 908 F.3d 183, 189–91 (6th Cir. 2018)).

Third, even if Smith's May 26, 2005 felony conviction for possession with intent to sell marijuana were not a "controlled substance offense," Smith would still qualify as a career offender because he was at least 18 years old, the "instant offense of conviction [was] a felony controlled substance offense," and he had at least two other prior felony controlled substance offenses: the July 17, 2004 possession with intent to distribute cocaine and the January 10, 2008 sale of a counterfeit controlled substance. U.S.S.G. § 4B1.1(a); see also United States v. McBride, 826 F.3d 293, 295 (6th Cir. 2016) (noting that, to be a career offender, a defendant must have at least two controlled substance offense convictions).

Accordingly, Smith's Amended Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 (Doc. No. 4) is **DENIED**.

This is a final order. The Clerk shall enter judgment in this case in accordance with Federal Rule of Civil Procedure 58. The Clerk shall also enter a copy of this Order and Judgment in Case No. 3:12-cr-00186.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE